Steven M. Cowley (admitted *pro hac vice*)
scowley@edwardswildman.com
Andrew T. O'Connor (admitted *pro hac vice*)
aoconnor@edwardswildman.com
Joshua W. Gardner (admitted *pro hac vice*)
jgardner@edwardswildman.com
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA 02199
P: (617) 239-0100
F: (888) 325-9541

Jon-Paul Lapointe (CA Bar. No. 250546)
jlapointe@edwardswildman.com
EDWARDS WILDMAN PALMER LLP
660 Newport Center Drive, Suite 900
Newport Beach, CA 92660
P: (949) 423-2100

Attorneys for Plaintiff, EVONY, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVONY, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>AERIA GAMES & ENTERTAINMENT, INC. and FENG INVESTMENT, LTD.<br><br>    Defendants. | Case No. 11-cv-0141 SBA<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO WITHDRAW AS ATTORNEY FILED BY COUNSEL FOR FENG INVESTMENT, LTD. OR, IN THE ALTERNATIVE, REQUEST THAT COUNSEL FOR FENG INVESTMENT COMPLY WITH L.R. 11-5(b)**<br><br>The Honorable Saundra B. Armstrong<br><br>Date: November 8, 2011<br>Time: 1:00 p.m.<br>Location: Courtroom 1, 4th Floor |

Plaintiff Evony, LLC ("Evony") respectfully opposes the Motion to Withdraw as Attorney ("Motion") filed by counsel of record for defendant Feng Investment, Ltd., Derek A. Newman and Derek Linke of Newman DuWors LLP (collectively, "Newman DuWors"), on the grounds that Newman DuWors failed to comply with L.R. 11-5(a) and California Rule of Professional Conduct 3-700, and that such requested withdrawal, without substitute counsel or continued acceptance of service by Newman DuWors pursuant to L.R. 11-5(b), will significantly prejudice Evony's ability to prosecute this case. Consequently, Evony requests that the Motion be denied or, in the alternative, that this Court order Newman DuWors to continue accepting service on behalf of Feng Investment pursuant to L.R. 11-5(b).

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether counsel seeking to withdraw should be required to continue accepting service on behalf of its client pursuant to Local Civil Rule 11-5(b) when the motion to withdraw was not accompanied by simultaneous appearance of substitute counsel or an agreement by the party to appear *pro se* and withdrawal will significantly prejudice the opposing party.

2. Whether counsel's written notification of its intent to withdraw sent to a client in China on the same day as counsel's motion to withdraw satisfies the requirement of Local Civil Rule 11-5(a) that written notice must be sent "reasonably in advance to the client."

## STATEMENT OF RELEVANT FACTS

On September 28, 2011, Newman DuWors filed its Motion to withdraw as counsel for Feng Investment, a corporation. (ECF No. 42). That same day, Newman DuWors purportedly sent Feng Investment written notice of its intent to withdraw. (Declaration of Derek Linke ("Linke Decl."), ECF No. 42-2, at ¶ 5). No copy of Newman DuWors's purported written notification to Feng Investment was submitted with the Motion. Newman DuWors's Motion to withdraw was not accompanied by simultaneous appearance of substitute counsel or agreement of Feng Investment to appear *pro se*. Newman DuWors's Motion does not offer to continue accepting service on behalf of Feng Investment and no contact information is provided for anyone who can accept service on behalf of Feng Investment.

## ARGUMENT

### I. THE FAILURE BY NEWMAN DUWORS TO PROVIDE A MANNER FOR SERVING FENG INVESTMENT UNDER L.R. 11-5(b) WILL PREJUDICE EVONY

Granting Newman DuWors's Motion would significantly prejudice Evony's ability to prosecute this case against Feng Investment. Pursuant to L.R. 11-5(b):

> When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes (or on the Clerk, if the Court so directs), unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

In the present case, Feng Investment has not consented to the withdrawal of Newman DuWors and the Motion is not accompanied by a simultaneous appearance of substitute counsel. Moreover, since Feng Investment is a corporation and cannot appear in federal court without counsel, Feng Investment cannot appear *pro se*. *Windermere Holdings, LLC v. U.S. Wall Décor, LLC*, 2011 U.S. Dist. LEXIS 86005, *4-5 (N.D. Cal. Aug. 4, 2011). Newman DuWors also failed to offer any contact information for anyone at Feng Investment and failed to identify any method upon which service on Feng Investment can be effected.

Failure to comply with L.R. 11-5(b) will significantly prejudice Evony's ability to prosecute this case because Newman DuWors failed to identify any method by which Evony could effect service on Feng Investment if Newman DuWors were to withdraw. In light of Newman DuWors's representation that they "no longer have a reliable means of communication with Feng Investment" (Linke Decl., ¶ 4 , ECF No. 42), it is apparent that Feng Investment does not intend to defend this lawsuit and may not retain new counsel, thus necessitating Newman DuWors's compliance with L.R. 11-5(b) to avoid prejudicing Evony's ability to engage in default proceedings. *See Zhixun Samuel Sun v. Rickenbacker Collection*, No. 10-01055, 2011 U.S. Dist. LEXIS 40645, at *6-7 (N.D. Cal. Apr. 8, 2011 (ordering continued service on counsel pursuant to L.R. 11-5(b) "[g]iven Plaintiff's concerns about the difficulty of contacting Defendant and the

possibility that Defendant may not retain new counsel").

Accordingly, Evony requests that the Court deny Newman DuWors's Motion or, in the alternative, order Newman DuWors to continue accepting service on behalf of Feng Investment until Feng Investment enters an appearance of substitute counsel. *See Windermere Holdings*, 2011 U.S. Dist. LEXIS 86005, at *4-5 ("because Defendants have not consented to the withdrawal and neither [defendant] has filed substitutions of counsel, the motion is granted on the condition that Defendants' current counsel shall continue to serve on Defendants all papers from the court and from [plaintiffs] until Defendants file a substitution of counsel as provided by Civil Local Rule 11-5(b).").

## II. NEWMAN DUWORS FAILED TO COMPLY WITH L.R. 11-5(a) AND CALIFORNIA RULE OF PROFESSIONAL CONDUCT 3-700.

Newman DuWors failed to give written notice to Feng Investment reasonably in advance as required by L.R. 11-5(a). Specifically, L.R. 11-5(a) states that "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client…". Newman DuWors, however, did not give Feng Investment *written* notice of its intent to withdraw until September 28, 2011—the same day Newman DuWors filed its motion to withdraw. (Declaration of Derek Linke ("Linke Decl."), ECF No. 42-2, at ¶ 4). Moreover, Newman DuWors did not furnish a copy of this purported written notification along with its Motion, calling into question whether the purported notification was sent to the appropriate person at Feng Investment at the correct address, if at all. In fact, there is no representation by Newman DuWors that it ever served Feng Investment with a copy of their Motion to Withdraw. This Court's precedent establishes that it was Newman DuWors's burden to establish that it complied with these very basic obligations to its client and that its failure to do so is grounds for denying the Motion to Withdraw:

> [Defendants' Counsel] have no statement in their declarations that they served their motion papers on Defendants or Plaintiffs' Counsel. [Defendants' Counsel] provides no proof of service that the papers were served on Defendants or Plaintiffs. Without establishing before this Court that it has provided the required written notice of this motion[] to its client and all parties, the Court cannot grant [Defendants' Counsel's] motion.

*The Bd. of Trustees v. Harrison*, No. 10-4803, 2011 U.S. Dist. LEXIS 53634, at *4 (N.D. Cal. Apr. 22, 2011). Notwithstanding the conspicuous absence of a copy of the purported written notification, an alleged but uncorroborated written notice of intent to withdraw sent on the same day as the filing of the Motion is not a reasonable application of the requirement that written notice be sent "reasonably in advance." L.R. 11-5(a); *see The Board of Trustees v. Harrison*, 2011 U.S. Dist. LEXIS 53634, at *4 (N.D. Cal. Apr. 22, 2011) (noting that one-day notice via telephone and email was insufficient and that, "[w]ithout establishing before the Court that it has provided the required written notice of this motion[] to its client and all parties, the Court cannot grant [counsel's] motion."). With Feng Investment apparently intending to default, such failure to provide notice "reasonably in advance" will make it unlikely that Feng Investment will be able to obtain new counsel in a timely manner, if at all, which such delay would further prejudice Evony's ability to prosecute this case. *See Deal v. Countrywide Home Loans*, 2010 U.S. Dist. LEXIS 101701 at *10-11 (N.D. Cal. Sep. 15, 2010) (Denying withdrawal because, *inter alia*, "[w]ithdrawal will further delay resolution of this matter because, even if substitute counsel was retained, there would be substantial delay in order to familiarize substitute new [counsel] with the case.").

Moreover, L.R. 11-4(a)(1) requires Newman DuWors to "[b]e familiar and comply with the standards of professional conduct required of members of the State Bar of California," and failure to comply with the California Rules of Professional Conduct is grounds for denying the Motion.

> [B]efore counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel "shall not withdraw from employment until the [attorney] has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [return of client papers and property and unearned fees], and complying with applicable laws and rules."

*Deal*, 2010 U.S. Dist. LEXIS 101701, at *5-6 (denying motion to withdraw). Newman DuWors failed to give proper notice to Feng Investment or offer time for Feng Investment to obtain

- 5 -

substitute counsel as required by California Rule of Professional Conduct 3-700(A)(2). Similarly, Newman DuWors failed to make any representation, corroborated by documentary evidence, that it has returned any documents or fees to Feng Investment as required by California Rule of Professional Conduct 3-700(D).

Newman DuWors's failure to comply with the requirements of L.R. 11-5(a) and California Rule of Professional Conduct 3-700 will prejudice Evony's ability to prosecute this case or engage in default proceedings. Specifically, Evony cannot risk having its efforts to prosecute this case and/or proceed with default undermined by claims that Feng Investment's due process rights were violated because Newman DuWors failed to comply with its obligations under L.R. 11-5(a) and Cal. R. Prof. Conduct 3-700. It was Newman DuWors's obligation, not Evony's, to comply with its own ethical obligations to its client. Evony should not be burdened with the prejudice that could result from being unable to enforce its rights against Feng Investment simply because Newman DuWors failed to meet its basic ethical obligations to its client.

## III. CONCLUSION

In light of the foregoing, Evony respectfully requests that the Court deny Newman DuWors's Motion to withdraw as counsel for Feng Investment or, in the alternative, order Newman DuWors to continue accepting service on behalf of Feng Investment pursuant to L.R. 11-5(b) until substitute counsel enters an appearance on behalf of Feng Investment.

Respectfully submitted,

EVONY, LLC
*By its attorneys*,

EDWARDS WILDMAN PALMER LLP

Dated: October 12, 2011          /s/ Andrew T. O'Connor

Steven M. Cowley (admitted *pro hac vice*)
Andrew T. O'Connor (admitted *pro hac vice*)

# CERTIFICATE OF SERVICE

COMMONWEALTH OF MASSACHUSETTS, COUNTY OF SUFFOLK:

I, Andrew T. O'Connor, declare as follows:

I am employed in the County of Suffolk, Commonwealth of Massachusetts. I am over the age of 18 and not a party to the within-entitled action. My business address is 111 Huntington Avenue, Boston, Massachusetts 02119. On October 12, 2011, I served a true and correct copy of the following document(s) on all parties via the Court's Electronic Case Management System on all counsel of record:

**OPPOSITION TO MOTION TO WITHDRAW**
**PROPOSED ORDER**

| Derek Linke, Esq. | Derek A. Newman, Esq. |
|---|---|
| linke@newmanlaw.com | derek@newmanlaw.com |

Newman DuWors, LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Phone: (206) 274-2800
Facsimile: (206) 274-2801
Attorneys for defendant Feng Investment, Ltd.

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct. Executed on October 12, 2011, at Boston, Massachusetts.

/s/ Andrew T. O'Connor
Andrew T. O'Connor