Derek Linke (*pro hac vice*)
linke@newmanlaw.com
Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Ave., Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Defendant
FENG INVESTMENT, LTD.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVONY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AERIA GAMES & ENTERTAINMENT, INC., et al., <br><br> Defendants. | Case No. 11-cv-0141-SBA <br><br> **REPLY IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEY** <br><br> The Honorable Saundra B. Armstrong <br> Date: February 14, 2011 <br> Time: 1:00 p.m. <br> Location: Courtroom 1, 4th Floor |

## I. INTRODUCTION

Derek Linke and Derek A. Newman respectfully request that the Court grant their Motion to Withdraw as Counsel (Dkt. No. 129). In its opposition (Dkt. No. 42), Plaintiff Evony, LLC asks that the Court deny the motion—or condition their withdrawal on a requirement that they continue to accept service of papers for forwarding to Defendant Feng Investment, Ltd. But as noted in the Motion, Feng's counsel seeks to withdraw, in part, because they are unable to meaningfully communicate with Feng.

Evony also argues that the Court should deny this motion based upon Evony's false allegation that counsel violated California Rules of Professional Conduct. Evony's allegations are scandalous, wholly without merit, and irrelevant to the question of compliance with the requirements under L.R. 11-5 for withdrawal. The ethics rules do not impose obligations until the termination of representation. And counsel continues to faithfully represent Feng until the Court grants their Motion to Withdraw. Upon the Court's granting of their motion, Movants will comply with all obligations they have under all applicable rules of professional conduct with regard to termination of representation.

Under the circumstances, Movants respectfully request that the Court grant their Motion to Withdraw. In the alternative, Movants request that the Court permit their withdrawal subject to the condition that any future notice be served on the Clerk as provided under L.R. 11-5(b).

**A. Movants complied with L.R. 11-5(a) and should be permitted to withdraw.**

L.R. 11-5(a) provides that Movants may withdraw when "relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Movants provided written notice to Feng on September 28, 2011. (Declaration of Derek Linke in Support of Motion to Withdraw (Dkt. No. 42-2) at ¶ 5.) Here, Feng would have had at least 40

1 days from the date it received written notice until the initial November 8, 2011

2 hearing date on this motion. There is no reason why 40 days does not constitute

3 "reasonably in advance" as required under L.R. 11-5(a).

4     Also, the Court has since reset the hearing on the Motion to February 14,

5 2011 (Dkt. No. 42). Now, by the date of the hearing, Feng will have had 139 days

6 from when it received notice.

7 **B.  Evony will not suffer prejudice if Movants are permitted to withdraw.**

8     Evony speculates that it will be impaired in its "ability to engage in default

9 proceedings" if Movants are permitted to withdraw because it will not be able to

10 provide notice to Feng. (Opposition (Dkt. No. 49), 3:2-24.) But Movants no longer

11 have reliable communications with Feng. Under the circumstances, it is unlikely

12 that Evony can actually provide notice to Feng by delivery to Movants. And an

13 order requiring that Movants attempt to forward papers would be unlikely to result

14 in actual notice.

15     As an alternative to granting Movants' motion to withdraw, the Court should

16 permit their withdrawal conditionally under L.R. 11-5(b) and direct that papers

17 directed at Feng be served on the Clerk.

18 **C.  Feng will not suffer prejudice if Movants are permitted to withdraw.**

19     Feng will not suffer prejudice if Movants are permitted to withdraw. L.R.

20 11-5(a) indicates that the Court should not grant withdrawal until after "written

21 notice has been given reasonably in advance". Here Feng will have had 139 days

22 from the date Movants provided written notice until the hearing date on this

23 motion. That is almost six times as much time as a foreign defendant is provided

24 under Fed. R. Civ. P. 12(a)(1)(A)(i) to locate and retain counsel, appear, and

25 defend following service of process. Evony has not identified any reason why Feng

26 should be entitled to even more time. Nor has Feng requested that the Court grant

27 it more time. There is no indication whatsoever that Feng will suffer any prejudice

28 from Movants' withdrawal.

### D. Counsel did not violate the California Rules of Professional Conduct and Evony's claim that they did is false and malicious.

Finally, there is no factual or legal basis for Evony's claim that Feng's counsel violated the California Rules of Professional Conduct. Evony claims that Feng's counsel failed to carry out their obligations at the time of termination of representation. Those rules require that, when the representation "has terminated," counsel shall:

> "[P]romptly release to the client, at the request of the client, all the client papers and property."; and

> "Promptly refund any part of a fee paid in advance that has not been earned."

California Rules of Professional Conduct, Rule 3-700(D)(1),(2).

Evony's claim that Feng's counsel violated these obligations has no legal or factual basis. Evony's grave allegations are false and scandalous and are clearly just personal attacks at Feng's counsel.

#### 1. There is no legal basis for Evony's claim that Feng's counsel failed to comply with their obligations upon termination because the attorney-client relationship has not terminated.

Evony claims that Feng's counsel failed to comply with the rules governing termination of the attorney-client relationship, but there has been no termination. The rule governing termination of the attorney-client relationship expressly provides that termination may be subject to court approval:

> If permission for termination of employment is required by the rules of a tribunal, member shall not withdraw from employment in a proceeding before that tribunal without its permission.

California Rules of Professional Conduct, Rule 3-700(A)(1). This Court's rules require permission for termination of employment (L.R. 11-5(a)) and Feng's counsel has requested that the Court grant them such permission (Motion (Dkt. No. 42)). Therefore Feng's counsel still represent Feng. The attorney-client relationship

1  will not be terminated until the Court grants Feng's counsel permission to
2  withdraw.

### 2.  There is no factual basis for Evony's claim that Feng's counsel failed to comply with its obligations regarding "termination."

Moreover, Evony has no factual basis for its allegations that Feng's counsel violated their ethical obligations to Feng. Evony claims that Feng's counsel violated their obligations to, upon termination, "promptly release to the client, all the client papers and property" and "promptly refund any part of a fee paid in advance that has not been earned." (Opposition at 5-6.) There is no factual support for those allegations.

Evony has no factual basis for claiming that Feng's counsel failed to return Feng's papers and property. Evony has no good faith basis for making any of the following propositions:

- that Feng's counsel has possession of Feng's "papers and property";
- that Feng made a "request" for the release of such materials; or
- that Feng did so and counsel failed to satisfy that request.

Evony has no basis for those claims and falsely accused Feng's counsel of violating their professional obligations to return Feng's papers and property.

Nor does Evony have any factual basis for claiming that Feng's counsel failed to make a required refund to Feng as required upon termination. Evony has no good faith basis for making any of the following propositions:

- that Feng paid a fee in advance;
- that some portion of that fee "has not been earned"; or
- that Feng's counsel has not promptly refunded any such amount.

Evony has no basis for any of those claims and falsely accused Feng's counsel of violating their professional obligations to return unearned advance fee payments.

Feng's counsel have satisfied their ethical obligations to Feng and will continue to do so consistent with their obligations under the California Rules of

1  Professional Conduct. Evony's allegations to the contrary are meritless and
2  malicious.

3                              **II.   CONCLUSION**
4         Movants have sought to withdraw as counsel because, among other reasons,
5  they are no longer able to represent Feng's interests. They have no reliable manner
6  of communicating with Feng. Neither Evony nor Feng will be prejudiced by
7  Movants withdrawal. Movants respectfully request that the Court grant their
8  motion and permit them to withdraw as counsel in this matter.

9
10 Dated this 19th day of October, 2011.    Respectfully Submitted,

                                            **NEWMAN DU WORS LLP**

                                   By:   /s/ Derek Linke
                                         Derek Linke (*pro hac vice*)
                                         linke@newmanlaw.com
                                         Derek A. Newman, State Bar No. 190467
                                         derek@newmanlaw.com

                                         Attorneys for Defendant
                                         Feng Investment, Ltd.

6
**REPLY IN SUPP. OF MOTION TO WITHDRAW AS ATTORNEY
11-CV-00141-SBA**