UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EVONY, LLC, a Delaware limited liability company,<br><br>             Plaintiff,<br><br>      vs.<br><br>AERIA GAMES & ENTERTAINMENT, INC., a Delaware corporation, and FENG INVESTMENT, LTD, a foreign corporation,<br><br>             Defendants. | Case No:  C 11-0141 SBA<br><br>**ORDER DENYING MOTION TO WITHDRAW**<br><br>Docket 42 |

      The parties are presently before the Court on Newman Du Wors LLP's (the "Newman Firm") motion to withdraw as counsel of record for Defendant Feng Investment, Ltd. ("Feng Investment").  Dkt. 42.  Plaintiff Evony, LLC ("Evony") opposes the motion. Dkt. 49.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion WITHOUT PREJUDICE, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.    **DISCUSSION**

    A.    **Legal Standard**

      The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court.  Civ. L.R. 11-5(a); see Darby v. City of Torrance, 810 F.Supp. 275, 276 (C.D. Cal. 1992) (an attorney representing a client may not withdraw except by leave of court).  In addition, the Local Rules provide that "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to

1  withdraw may be subject to the condition that papers may continue to be served on counsel

2  for forwarding purposes, unless and until the client appears by other counsel or pro se."

3  Civ. L.R. 11-5(b).

4        In this district, the conduct of counsel, including the withdrawal of counsel, is

5  governed by the standards of professional conduct required of members of the State Bar of

6  California.  Civ. L.R. 11-4(a)(1); see Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008)

7  (applying California Rules of Professional Conduct to attorney withdrawal).  California

8  Rule of Professional Conduct 3-700(C)(1)(d) allows withdrawal where the client "renders it

9  unreasonably difficult for [counsel] to carry out the employment effectively."  However,

10  before counsel can withdraw, counsel must comply with California Rule of Professional

11  Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment

12  until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to

13  the rights of the client, including giving due notice to the client, allowing time for

14  employment of other counsel, complying with rule 3-700(D) (regarding papers), and

15  complying with applicable laws and rules.  See El Hage v. U.S. Sec. Assocs., Inc., 2007

16  WL 4328809, at *1 (N.D. Cal. 2007).  The decision to permit counsel to withdraw is within

17  the sound discretion of the trial court.  See United States v. Carter, 560 F.3d 1107, 1113

18  (9th Cir. 2009).

19      **B.**    **Motion to Withdraw**

20        The Newman Firm moves to withdraw as counsel of record for Feng Investment on

21  the ground that it no longer has "a reliable means of communication with a representative

22  for Feng Investment, which impacts [its] ability to continue to represent its interests."  Mtn.

23  to Withdraw at 2, Dkt. 43; Linke Decl. ¶ 5.  According to the Newman Firm, Feng

24  Investment is located in China and "has not meaningfully responded to recent

25  communications."  Id.  The Newman Firm contends that withdrawal is appropriate because

26  its agreement with Feng Investment allows it to withdraw at any time and for any reason,

27  "subject to 'an obligation to give [client] reasonable notice to arrange alternative

28  representation."  Mtn. to Withdraw at 2 (alteration in original); Linke Decl. ¶¶ 3, 6.

Evony opposes the motion to withdraw on the grounds that the Newman Firm failed to comply with Civil L.R. 11-5(a) and California Rule of Professional Conduct 3-700, and that withdrawal, without substitute counsel or continued acceptance of service by the Newman Firm pursuant to Civil Local Rule 11-5(b), will significantly prejudice Evony's ability to prosecute this case.  Opp. at 2, Dkt. 49.  Evony contends that the Newman Firm did not give Feng Investment written notice of its intent to withdraw reasonably in advance as required by Civil Local Rule 11-5(a), and that it will suffer prejudice if the Newman Firm is permitted to withdraw because it will be unable to serve Feng Investment as the Newman Firm did not provide any contact information for Feng Investment.  Id. at 3-6.[1] Evony requests that the motion be denied or, in the alternative, that this Court order the Newman Firm to continue accepting service on behalf of Feng Investment pursuant to Civil Local Rule 11-5(b) until substitute counsel enters an appearance on behalf of Feng Investment.  Id. at 6.

The Court finds that the Newman Firm failed to show that withdrawal is appropriate. The Newman Firm did not demonstrate that it complied with the requirements of Civil Local Rule 11-5(a) or California Rule of Professional Conduct 3-700(A)(2).  While the Newman Firm claims that notice of their intention to withdraw was provided to Feng Investment, it has not demonstrated that written notice was given reasonably in advance to its client as required by Civil Local Rule 11-5(a).  In support of its motion, the Newman Firm did not submit any evidence showing that written notice of their intent to withdraw was given to their client and when it was given, other than counsel's statement in his declaration that the Newman Firm "provided notice of [its] intent to withdraw to Feng Investment, Ltd. in writing on September 28, 2011."  Linke Decl. ¶ 5.  A copy of the written notice that the Newman Firm purportedly provided was not submitted with the motion to withdraw.  Nor did the Newman Firm submit evidence demonstrating that it

_____

[1] Evony also contends that the Newman Firm failed to argue or provide evidence demonstrating that it returned any documents or fees to Feng Investment as required by California Rule of Professional Conduct 3-700(D).  Opp. at 6.

provided a copy of the motion to Feng Investment.  Without establishing that it has
provided the required written notice to its client, the Court cannot grant the Newman Firm's
motion to withdraw.

Indeed, given the Newman Firm's representation that it does not have a "reliable
means of communication" with Feng Investment, it is entirely possible, if not likely, that
Feng Investment did not receive written notice of the Newman Firm's intent to withdraw as
counsel of record in this action.  In fact, in its reply brief, the Newman Firm argues that
withdrawal should not be subject to the condition that it continue to be served papers for
forwarding purposes because the firm is "unable to meaningfully communicate with Feng
[Investment]" and "no longer ha[s] reliable communications with Feng [Investment]," and
therefore "an order requiring that [the Newman Firm] attempt to forward papers would be
unlikely to result in actual notice."  Reply at 1, 3, Dkt. 50.[2]  The Newman Firm, however,
fails to reconcile this statement with counsel's statement in his declaration claiming that
Feng Investment was provided actual notice of firm's intent to withdraw in writing.  In
short, absent evidence demonstrating that the Newman Firm complied with the written
notice requirement of Civil Local Rule 11-5(a), withdrawal is not appropriate.

Furthermore, the Newman Firm did not submit evidence demonstrating that it
complied with California Rule of Professional Conduct 3-700(A)(2), which provides,
among other things, that counsel shall not withdraw from employment until the member has
taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client.
The Newman Firm did not submit any evidence demonstrating that its business entity client
was given a detailed explanation of the consequences of withdrawal.  For example, there is
no indication that the Newman Firm informed Feng Investment of its need to retain new

---

[2] The Newman Firm argues that, as an alternative to granting its motion, the Court
"permit their withdrawal conditionally under L.R. 11-5(b) and direct that papers directed at
Feng [Investment] be served on the Clerk."  Reply at 3.  The Newman Firm, however,
failed to provide a forwarding address for Feng Investment.  Absent a forwarding address
for Feng Investment, there is no basis for the Court to implement or effectuate this request.
Thus, if the Newman Firm decides to file a renewed motion to withdraw requesting the
Court to consider this option, it shall provide contact information for Feng Investment,
including a name, phone number, address, and e-mail address (if available).

1  counsel in the event that service of process is properly effectuated.  This is important

2  because corporations and other unincorporated associations can only appear through

3  counsel.  See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-974 (9th

4  Cir. 2004); Civ. L.R. 3-9 ("A corporation, unincorporated association, partnership or other

5  such entity may appear only through a member of the bar of this Court.").  When a

6  corporation fails to retain counsel to represent it in an action, a default judgment may be

7  entered against it.  See Employee Painters' Trust v. Ethan Enters., Inc., 480 F.3d 993, 998

8  (9th Cir. 2007) (holding that it was proper to enter default judgment against corporation

9  that failed to retain substitute counsel after former counsel withdrew).

10      In sum, the Court finds that withdrawal is not appropriate because the Newman Firm

11  has not complied with Civil Local Rule 11-5(a) or the California Rules of Professional

12  Conduct.  The Newman firm failed to submit evidence establishing that written notice of

13  their intent to withdraw was given reasonably in advance to its client, and that they took all

14  reasonable steps to avoid reasonably foreseeable prejudice to the rights of its business

15  entity client.  Accordingly, the Newman Firm's motion to withdraw is DENIED WITHOUT

16  PREJUDICE.

17  **II.    CONCLUSION**

18      For the reasons stated above, IT IS HEREBY ORDERED THAT:

19      1.    The Newman Firm's motion to withdraw as counsel of record for Feng

20  Investment is DENIED WITHOUT PREJUDICE to filing a motion with proof of satisfying

21  the requirements of Local Rule 11-5 and the California Rules of Professional Conduct.

22      2.    This Order terminates Docket 42.

23      IT IS SO ORDERED.

24  Dated:  September 28, 2012

25                                          _____
                                            SAUNDRA BROWN ARMSTRONG
26                                          United States District Judge

27

28